FILED
AUSTIN DIVISION
2005 JAN 14 PM 1:32
U.S. CLERK'S OFFICE
BY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JASON PATRIC, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| v. | § | |
| | § | CAUSE NUMBER A05CA022 LY |
| THE CITY OF AUSTIN and JOSHUA VISI, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

Plaintiff, JASON PATRIC, files this lawsuit against Defendants, the City of Austin and Joshua Visi, and would show the Court and Jury the following in support thereof:

**I. PARTIES**

1. Plaintiff Jason Patric is an individual who resides in Los Angeles, California.

2. Defendant the City of Austin is a municipality organized under the laws of Texas and operates the Austin Police Department. It may be served through Shirley Brown, City Clerk, City of Austin, Suite 116, Austin Texas 78701.

3. Defendant Joshua Visi is a City of Austin police officer and may be served at the Austin Police Department, 715 E. 8th Street, Austin 78701.

## II. JURISDICTION AND VENUE

4. As this case is brought pursuant to 42 U.S.C. § 1983, and the common law of Texas, this Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3). Plaintiff further invokes the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367(a), to consider his state law claims.

5. This Court has general personal jurisdiction over Officer Visi as he resides in the Western District of Texas and over the City of Austin, as it is a Texas municipality, and operates the Austin Police Department.

6. This Court has specific *in personam* jurisdiction over all defendants because this cause arises out of conduct that occurred in Austin, Travis County, Texas, which is within the Western District of Texas.

7. Venue of this cause is proper in the Western District pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events or omissions giving rise to Plaintiffs' claims occurred in Austin, Texas, which is within the Western District of Texas.

## III. BACKGROUND

8. On March 29, 2004, Officer Joshua Visi, acting in the course of his employment as a City of Austin police officer, inexplicably arrested Jason Patric without probable cause and employed excessive force against him.

9. In the early morning hours of March 29, 2004, Mr. Patric was minding his own business with a group of people near the intersection of 5th and Colorado in Austin when Officer Joshua Visi approached him.

10. Although Mr. Patric was doing nothing illegal, was sober, and was clearly not a danger to himself or to others, Officer Visi threatened to arrest Mr. Patric for public intoxication.

11. Taken aback by this threat, Mr. Patric calmly informed Officer Visi in front of numerous witnesses that he was sober and more than willing to take a test to prove this fact to Officer Visi.

12. Officer Visi ignored Mr. Patric's offer to take a test to prove his sobriety. Instead, without any provocation, Officer Visi attacked Mr. Patric and threw him violently onto the ground in front of numerous witnesses, causing personal injuries to Mr. Patric.

13. Mr. Patric did not resist this violent attack by Officer Visi.

14. Officer Visi proceeded to arrest Mr. Patric for the crime of public intoxication. Mr. Patric was also wrongfully charged with resisting arrest.

15. As confirmed by numerous witnesses, however, Mr. Patric exhibited no indication that he was intoxicated, nor was he a danger to himself or to others. In fact, Mr. Patric even offered to take a test to prove his innocence -- something he had absolutely no obligation to do. Further, Mr. Patric did not resist the wrongful arrest.

16. Mr. Patric was taken to jail, where he was wrongfully detained without legal authority or justification.

17. After reviewing the factual basis (or lack thereof) for Officer Visi's charges, the City Attorney's Office dismissed the public intoxication charge against Mr. Patric. The separate resisting arrest charge was also dismissed.

18. But the damage to Mr. Patric (both physically and emotionally) had already been done as numerous news agencies had already reported Mr. Patric to be a criminal and Mr. Patric had already been victimized physically and emotionally by Officer Visi.

## IV. FEDERAL CAUSES OF ACTION

### A. 42 U.S.C. § 1983 claim against Defendant Visi

19. Plaintiff incorporates by reference all of the foregoing and further alleges as follows:

20. At all times material hereto, Officer Visi was acting under color of state law in the course and scope of his duties as a City of Austin police officer.

21. Officer Visi arrested Mr. Patric for the crime of public intoxication even though he knew (as any reasonable person in his position would have known) he lacked probable cause to make such an arrest. In fact, Mr. Patric was not a danger to himself or to others and exhibited no signs of intoxication. Moreover, in effecting the arrest, Officer Visi attacked Mr. Patric for no reason whatsoever and threw him violently to the ground.

22. Thus, Officer Visi's conduct violated Mr. Patric's rights to be free from excessive force and to be free from false arrest and imprisonment, and caused Mr. Patric to suffer significant injuries.

23. As these rights were clearly established at the time of the arrest, Officer Visi's conduct was objectively unreasonable and deliberately indifferent to the rights enumerated above. And as his conduct proximately caused Mr. Patric's injuries, Officer Visi is liable under 42 U.S.C. § 1983 for Plaintiff's damages.

### B. 42 U.S.C. § 1983 *Monell* Claim Against The City of Austin

24. Plaintiff incorporates by reference all of the foregoing and further alleges as follows:

25. The City of Austin, through its police department, had the following policies:

- Employing excessive force against citizens in the Austin downtown area;
- Arresting citizens without probable cause;
- Inadequately supervising and/or training the officers assigned to patrol Austin's downtown area; and

- Failing to adequately discipline and/or tolerating the use of excessive force by APD officers.

26. Each of these policies was actually known, constructively known and/or ratified by the City of Austin and its policymakers and was promulgated with deliberate indifference to Mr. Patric's rights as guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution. Moreover, the known and obvious consequence of these policies was that APD officers would be placed in recurring situations in which the constitutional violations described within this complaint would result. Accordingly, these policies also made it highly predictable that the particular violations alleged here would result.

27. Consequently, the policies delineated above were the moving force of Mr. Patric's constitutional deprivations and injuries, and caused him to suffer severe damages.

## V. STATE LAW CAUSES OF ACTION

### A. False Imprisonment

28. Plaintiff incorporates all of the foregoing and further alleges the following:

29. Officer Visi willfully detained Mr. Patrick without Mr. Patric's consent and Officer Visi's detention was without legal authority or justification. As a direct and proximate result of Officer Visi's actions, Mr. Patric suffered significant injuries.

### B. Defamation *Per Se*

30. Plaintiff incorporates all of the foregoing and further alleges the following:

31. Officer Visi and the City of Austin charged Mr. Patric with a crime and caused this malicious allegation to be published.

32. This charge was absolutely false, impeached Mr. Patric's virtue and reputation and caused Mr. Patric to suffer significant damages.

## VI. CLAIM FOR DAMAGES

33. As plead herein, the actions and omissions of Defendants, jointly and severally, deprived Mr. Patric of his civil rights under the United States Constitution. These acts and omissions by Defendants, their agents, employees, and/or representatives, proximately caused and/or were the moving force of the injuries and damages to Plaintiff.

34. In addition to the compensatory damages, Plaintiff seeks recovery of his attorney's fees and costs pursuant to 42 U.S.C. § 1988.

## VII. JURY DEMAND

35. Plaintiff demands a trial by jury of all disputed fact issues in this case.

## VIII. PRAYER FOR RELIEF

36. To right this injustice, Plaintiff requests that this Court:

a. Award compensatory damages to Plaintiff and against Defendants, jointly and severally;

b. Award and allow Plaintiff costs and attorney's fees pursuant to 42 U.S.C. § 1988;

c. Award prejudgment and post-judgment interest at the highest rate allowable under the law; and

d. Award and grant such other just relief as the Court deems proper.

Respectfully submitted,

WHITEHURST, HARKNESS, OZMUN &
BREES, P.C.
1122 Colorado Street, 24th Floor
P. O. Box 1802
Austin TX 78767
512/476-4346
512/476-0018 Facsimile

By ______________________________
SCOTT OZMUN
State Bar No. 15392740
EUGENE W. BREES
State Bar No. 02947500
JEFF EDWARDS
State Bar No. 24014406

ATTORNEYS FOR PLAINTIFF